IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ABHISHEK RAUNIYAR,<br><br>Defendant. | CIVIL ACTION NO. 24-CV-722 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Berkshire Life Insurance Company of America ("Berkshire"), by and through its attorneys, files this Complaint for Declaratory Judgment against Abhishek Rauniyar ("Mr. Rauniyar"), showing the Court as follows:

### PARTIES

1. Berkshire is an insurance company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts. Berkshire is a citizen of the Commonwealth of Massachusetts within the meaning and intent of 28 U.S.C. § 1332.

2. Mr. Rauniyar is an adult citizen of the State of North Carolina.

### JURISDICTION AND VENUE

3. Berkshire and Mr. Rauniyar are citizens of different states, and as is more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs. Specifically, Mr. Rauniyar seeks benefits under a disability insurance policy with a base monthly benefit of $13,050, plus other monthly benefits under policy riders. The policy provides benefits through age 65, and upon information and belief, Mr. Rauniyar is currently 37

1

years old. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court is a proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Mecklenburg County, North Carolina, which is within the Western District of North Carolina, pursuant to 28 U.S.C. § 113(c).

5. Berkshire seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

6. Berkshire is, and during all relevant times has been, in the business of underwriting and issuing insurance policies and is authorized to transact the business of insurance in the State of North Carolina.

## FACTUAL BACKGROUND

**A. Mr. Rauniyar Applies For An Individual Disability Insurance Policy With Berkshire.**

7. On or about November 14, 2023, Mr. Rauniyar completed an Application For Individual Disability Insurance: Part I (the "Application"). A true and correct copy of the Application is attached hereto as <u>Exhibit 1</u>.

8. The Application contained the following representations:

Those parties who sign below, agree that:

1. This Application for Disability Insurance: Part I, Application for Insurance: Part II — Health and Medical History, any required Representations to the Medical Examiner, and any other supplements or amendments to this Application For Disability Insurance: Part I will form the basis for, and become part of and attached to any policy or coverage issued and is herein referred to as the "Application."

2

2. The Proposed Insured has read the application and all statements and answers as they pertain to the Proposed Insured, and all of the statements that are part of this Application are correctly recorded, and are complete and true to the best of the knowledge and belief of those persons who made them.

…

4. Any misrepresentation or omission, if found to be material, may adversely affect acceptance of the risk, claims payment, or may lead to rescission of any policy that is issued based on this Application.

(Exhibit 1, at p. 9).

9. In the Application, Mr. Rauniyar responded to several questions concerning his current employment and other insurance coverage.

10. In response to Question 2.A.1, which asked Mr. Rauniyar to provide his current employer, Mr. Rauniyar responded: "PDI Technologies."

11. In response to Question 2.A.2, which asked Mr. Rauniyar to provide the number of years with his current employer, Mr. Rauniyar responded: ">2 years."

12. In response to Question 3.C, which asked "How many hours per week are you at work in this occupation?" Mr. Rauniyar responded: "40."

13. In response to Question 4.C, which asked: "Do you have any disability insurance in force or applied for, or for which you are eligible within the next 12 months with any company, including Guardian or Berkshire Life Insurance Company of America ("Berkshire")?" Mr. Rauniyar responded: "No."

14. Mr. Rauniyar signed the Application on November 14, 2023. (*Id.*).

15. On the same day, Mr. Rauniyar completed a Medical Supplement for Individual Life and Disability Insurance – Part II (the "Medical Supplement"). A true and correct copy of the Medical Supplement is attached hereto as Exhibit 2.

16. In the Medical Supplement, Mr. Rauniyar responded to the following questions:

3

**Question 4.b**: In the past 10 years, have you been diagnosed with, treated for, tested positive for, been given medical advice by a member of the medical profession or received a consultation or counseling for high blood pressure, heart murmur, irregular heartbeat, palpitations, heart attack, coronary artery disease, chest pain, or any other disease or disorder of the heart, blood vessels or circulatory system?

**Question 4.k:** In the past 10 years, have you been diagnosed with, treated for, tested positive for, been given medical advice by a member of the medical profession or received a consultation or counseling for any disease or disorder of the eyes, vision, ears, hearing, nose or throat?".

**Question 4.l**: In the past 10 years, have you been diagnosed with, treated for, tested positive for, been given medical advice by a member of the medical profession or received a consultation or counseling for anxiety, depression, stress, attention deficit disorder (ADD), post-traumatic stress disorder (PTSD) or any other mental, nervous, eating or emotional disorder?

**Question 8:** Are you currently taking prescription medication or have been prescribed any medication within the past 6 months that was not already disclosed?

**Question 17:** Within the past 5 years, have you had a physical exam, check-up of any kind or diagnostic tests performed that were previously not disclosed, except for HIV or AIDS tests?

**Question 20.:** Other than as previously stated on this application, are you currently or in the past 5 years have you received medical advice, counseling, or treatment for any medical, surgical, psychological, or psychiatric condition from a medical professional or have you been a patient in a hospital, clinic, rehabilitation center or other medical facility?

17. Mr. Rauniyar responded "No" to each of these questions in the Medical Supplement. (*Id.* at pp. 2-4).

18. In the Medical Supplement, Mr. Rauniyar stated that he "under[stood] and agree[d] that the statements and answers in this application: (1) are written as made by me; (2) to the best of my knowledge and belief are full, complete and true; and (3) shall be a part of the contract of insurance, if issued." (*Id.* at p. 5).

19. Mr. Rauniyar signed the Medical Supplement on November 14, 2023. (*Id.*).

20. Following receipt of Mr. Rauniyar's Application, Berkshire received notification

4

from an outside source that Mr. Rauniyar had submitted applications for disability insurance to New York Life, MassMutual, Northwestern Mutual, Principal and The Standard. Following Berkshire's inquiry about these applications, on December 29, 2023, Mr. Rauniyar signed an Amendment to Application attesting to the following: "I have concurrently applied for insurance with The Standard, New York Life, Mass Mutual, Northwestern Mutual and Principal in similar amounts proposed by Berkshire Life and I acknowledge that my acceptance of an offer by Berkshire Life is contingent upon my not accepting an offer with The Standard, New York Life, Mass Mutual, Northwestern Mutual and Principal." A true and correct copy of the Amendment to Application is attached hereto as Exhibit 3.

21. In the Amendment to Application, Mr. Rauniyar further attested, "It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date."

22. Mr. Rauniyar signed the Amendment to Application on December 29, 2023. (*Id.*).

23. On December 29, 2023, Mr. Rauniyar completed a Declaration of Insurability. A true and correct copy of the Declaration of Insurability is attached hereto as Exhibit 4.

24. The Declaration of Insurability contained the following representations:

I represent that since the date of the earlier of the Application for Insurance: Part II – Health and Medical History, . . . or the Application for Disability Insurance Part I . . . I have not:

   1. had a physical exam or checkup of any kind;

   2. been diagnosed, treated, or tested positive by a member of the medical profession, counselor, or professional of the healing arts for any disease, illness, or injury;

   3. received any medical advice or counseling from any physician, medical or mental health professional, counselor, psychotherapist, chiropractor, or

other practitioner;

4. been a patient in a hospital, clinic, or other medical or mental facility;

5. had a change in occupation, job title, duties, employment, income, residence, military status, or tobacco or nicotine use;

…

In addition to the above representations, I further represent that: 1) as of today's date, I am actively at work on a full time basis at least 30 hours per week performing the same duties and occupation(s) identified in the Application for Disability Insurance: Part I; and 2) there are no exceptions to the above representations…

(*Id.*).

25. Mr. Rauniyar signed the Declaration of Insurability on December 29, 2023. (*Id.*).

26. Based on the answers and representations made by Mr. Rauniyar in the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability, Berkshire issued a disability income insurance policy, Policy No. Z5450440 (the "Policy") to Mr. Rauniyar for $13,050.00 in monthly benefits. A copy of the Policy is attached hereto as <u>Exhibit 5</u>.

**B.    Mr. Rauniyar Submits A Disability Claim Under the Policy.**

27. On or about January 23, 2024, Mr. Rauniyar completed a Disability Claimant's Statement and Description of Occupation ("Claimant's Statement"). A true and correct copy of the Claimant's Statement is attached hereto as <u>Exhibit 6</u>. In his Claimant's Statement, Mr. Rauniyar stated the nature of his claim is "cognitive disability." Mr. Rauniyar reported that his first symptoms occurred on January 23, 2024.

28. Mr. Rauniyar stated that he had not worked in his occupation due to disability from "2023 to 2023," and he reported that he first sought treatment by a physician on January 23, 2024. (*Id.* at p. 2).

29. In the Claimant's Statement Mr. Rauniyar reported that he was "self employed." (*Id.* at p. 4).

30. On or around January 29, 2024, Berkshire received an Attending Physician's Statement for Mr. Rauniyar, purportedly completed and signed by Dr. Stanley Okeyemi. A true and correct copy of Mr. Rauniyar's Attending Physician Statement is attached hereto as <u>Exhibit 7</u>. The Attending Physician Statement listed Mr. Rauniyar's current diagnoses as "Schizophrenia Bi Polar Disorder," and stated, "Patient is unable to work for 3-5 years due to severe cognitive disability." (*Id.* at p. 1).

31. During Berkshire's claim investigation, Berkshire discovered that certain representations made by Mr. Rauniyar concerning his employment, medical history, and other insurance coverage were not true at the time he signed the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability.

32. For instance, Berkshire discovered the following issues relating to Mr. Rauniyar's employment history:

- In connection with his Application, Mr. Rauniyar submitted an Earnings Statement to Berkshire dated 11/26/2023, reflecting PDI Technologies, Inc. ("PDI") as his employer. The statement cited a pay period of 10/29/2023 – 11/11/2023, 80 hours worked, period earnings of $18,750.00, and year to date earnings of $393,750.00. Mr. Rauniyar also submitted a 2023 W-2 Wage and Tax Statement identifying PDI as the employer, Mr. Rauniyar as the employee, and wages, tips, other compensation totaling $450,000.00.

- In its claim investigation, Berkshire contacted PDI to confirm this compensation information. A PDI representative stated that Mr. Rauniyar was hired with PDI on September 20, 2021, and he was terminated on November 9, 2022.

- Berkshire sent PDI the Earnings Statement dated 11/26/2023, which Mr. Rauniyar provided to Berkshire, to confirm the accuracy of the document. PDI responded by stating: "This does not appear to be issued by PDI Technologies as we do not show any pay data in our system for Abhishek Rauniyar in the year 2023. We checked for a 2023 W2 as well, and there is not one. We also did not have a pay period of 10/29/23-11/11/23 with a pay date of 11/26/23 (a Sunday)."

7

- Berkshire also sent PDI a copy of the 2023 W-2 Wage and Tax Statement that Mr. Rauniyar provided to Berkshire, to confirm the accuracy of the document. PDI responded by stating: "I checked with our payroll department on this. This is NOT a legitimate W2 from PDI Technologies Inc."

33. Based on this employment history, Mr. Rauniyar's responses to Questions 2.A.1, 2.A.2, and 3.C in the Application were false.

34. Berkshire also discovered the following medical issues Mr. Rauniyar did not disclose in his Application:

- <u>Sinusitis</u>**:** In November 2023, Mr. Rauniyar sought medical treatment for sinusitis, which his medical records reflected he had been dealing with for several years. He had sinus surgery in 2018, but following surgery he experienced continued difficulty breathing and facial pain. In 2023, he was prescribed medication to address his ongoing symptoms. In December 2023, he underwent a balloon sinuplasty and had a CT scan taken to address issues related to his chronic sinusitis.

- <u>Mental Health History</u>: In January 2024, Mr. Rauniyar sought psychotherapy treatment. In his intake assessment, Mr. Rauniyar reported experiencing social anxiety, depression, and irritability, with an onset of symptoms in August 2023. Mr. Rauniyar further reported that he had been unemployed since August 2023. Additional medical records reflect that Mr. Rauniyar made an emergency room visit in January 2024, seeking to have certain psychiatric medications refilled. Mr. Rauniyar reported that he had just returned from Nepal, where he ran out of his psychiatric medications, including Quetiapine, Compazine and Olanzapine. He reported to have been taking these medications "for quite some time," and he missed approximately two weeks of his medication.

35. Based on this medical history, Mr. Rauniyar's responses to Questions 4.k, 4.l, 8, 17, and 20 in the Medical Supplement were false.

36. Berkshire also discovered that Mr. Rauniyar had obtained additional disability insurance policies that he did not disclose in the Application: (1) a policy issued by Mass Mutual on December 8, 2023, with a monthly benefit amount of $13,400.00, and (2) a policy issued by Ameritas Life Insurance Corp. ("Ameritas") on November 15, 2023, with a monthly benefit amount of $8,500.00.

8

37. In light of these additional disability policies, Mr. Rauniyar's response to Question 4.C in the Application was false.

38. During its claim investigation, Berkshire learned that Mr. Rauniyar submitted a claim for disability benefits under the Ameritas policy on December 8, 2023. In his claim forms, Mr. Rauniyar stated that he suffered from a heart attack on November 30, 2023, which led to physical and cognitive impairment. Ameritas reported that it was unable to reach any of the treating physicians listed on Mr. Rauniyar's claim documents.

39. During its claim investigation, Berkshire also learned that Mr. Rauniyar submitted a claim for disability benefits under the MassMutual policy on or around January 18, 2024. Mr. Rauniyar reported a disabling condition of schizophrenia, bipolar and cognitive disability.

40. On or around February 29, 2024, Berkshire contacted Dr. Stanley Okeyemi regarding the Attending Physician Statement submitted in connection with Mr. Rauniyar's claim under the Policy. Dr. Okeyemi reported that although Mr. Rauniyar is a patient, Dr. Okeyemi did not complete the Attending Physician Statement submitted to Berkshire; the diagnoses listed on the Attending Physician Statement are not accurate; and the Attending Physician Statement does not represent his medical opinion concerning Mr. Rauniyar. Dr. Okeyemi stated that he did not support the assertion that Mr. Rauniyar is totally unable to work due to a psychiatric illness.

41. Had Berkshire's underwriting department been aware of the true facts concerning Mr. Rauniyar's employment, medical history, and other disability insurance coverage, Berkshire would not have issued the Policy as written.

42. Based on the material misrepresentations and omissions in the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability, Berkshire sent a letter dated August 6, 2024, notifying Mr. Rauniyar that it was seeking rescission of the Policy

and taking the position that the Policy was null and void from its inception. Berkshire informed Mr. Rauniyar that it was filing this Complaint and requesting that Berkshire be permitted to deposit $1,808.11 into the registry of court, which represents a refund of all premiums for the Policy, plus interest.

43. To date, Berkshire has not been contacted by Mr. Rauniyar regarding its letter.

## COUNT I: DECLARATORY JUDGMENT THAT THE POLICY IS RESCINDED AND VOID AB INITIO

44. Berkshire adopts and incorporates its allegations above as if fully set forth herein.

45. Mr. Rauniyar made fraudulent and material misrepresentations and omissions concerning his employment, medical history, and other disability insurance coverage in answering questions in the Application, Medical Supplement, Amendment to Application, and Declaration of Insurability. These misrepresentations and omissions materially affected Berkshire's acceptance of the risk under the Policy and the hazard assumed by Berkshire under the Policy.

46. Berkshire would not have issued the Policy as written had Mr. Rauniyar fully and truthfully disclosed the facts concerning his employment, medical history, and other disability insurance coverage. Berkshire was denied information that it sought and deemed necessary to an accurate appraisal of insurability.

47. Berkshire properly rescinded the Policy by giving notice of the rescission and tendering return of the Policy premiums, plus interest, to Mr. Rauniyar.

48. Berkshire is entitled to a judicial declaration stating that the Policy is rescinded and void *ab initio*.

## COUNT II: DECLARATORY JUDGMENT THAT DISABILITY CLAIM IS NOT COVERED

49. Berkshire adopts and incorporates its allegations above as if fully set forth herein.

10

Case 3:24-cv-00722-MOC-SCR     Document 1     Filed 08/06/24     Page 10 of 12

50. On or about January 23, 2024, Mr. Rauniyar contacted Berkshire to initiate a disability claim stating he experienced a "cognitive disability" beginning on January 23, 2024. The Attending Physician Statement submitted in support of the claim described Mr. Rauniyar's diagnoses as "Schizophrenia Bi Polar Disorder."

51. The Policy defines "Pre-existing Condition" as a physical or mental condition:

- that was misrepresented or not disclosed in the application; and

- for which You received professional medical advice, diagnosis or treatment within two years before the Effective Date; or

- that caused symptoms within one year before the Effective Date for which a prudent person would usually seek professional medical advice, diagnosis or treatment.

(Exhibit 5, at p. 5).

52. The Policies further provide that Berkshire "will not cover any loss that begins in the first two years after the Effective Date from a Pre-existing Condition." (*Id.* at p. 10).

53. During the course of Mr. Rauniyar's claim, Berkshire discovered that Mr. Rauniyar's medical records reflected that he was taking medication for psychiatric conditions, including Quetiapine, Compazine and Olanzapine, and he reported to have been taking these medications "for quite some time."

54. Accordingly, the injury that was the basis for Mr. Rauniyar's disability claim—i.e., his "cognitive disability"—was a "Pre-existing Condition" that is not covered under the Policy.

55. Berkshire is entitled to a declaration that Mr. Rauniyar's "cognitive disability" was a "Pre-existing Condition," and therefore, even if the Policy is not found to be void *ab initio*, Berkshire is not required under the Policy to pay any benefits for Mr. Rauniyar's purported "cognitive disability."

**RELIEF REQUESTED**

WHEREFORE, Berkshire prays of this Honorable Court as follows:

(a) That this Court declare that Policy No. Z5450440 is rescinded and that the policy is void *ab initio*;

(b) That the Court enter an Order directing Berkshire to deposit $1,808.11 plus interest into the Registry of the Court, which represents a refund of all premiums for the Policy;

(c) That this Court declare that Mr. Rauniyar's "cognitive disability" which forms the basis of his disability claim is a "Pre-existing Condition" not covered under the Policy; and

(d) That Berkshire receive such other relief as this Court deems just and proper.

Respectfully submitted on August 6, 2024

/s/ Kevin Y. Zhao
Kevin Y. Zhao
N.C. Bar No. 53680
MAYNARD NEXSEN, P.C.
227 W. Trade Street, #1550
Charlotte, NC 28202
Telephone: 704.338.5362
Fax: 704.338.5337
kzhao@maynardnexsen.com

*Attorneys for Plaintiff Berkshire Life Insurance Company of America*